UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KAI HUNTE,

                      Plaintiff,           Caso No.  1:26-cv-1030

-against-

RED DROP LLC d/b/a CELLO WINE &
COCKTAIL BISTRO and 53RD GROUP        **COMPLAINT AND DEMAND**
ASSOCIATES LLC,                                 **FOR JURY TRIAL**

                      Defendants
------------------------------------------------------------x

Plaintiff Kai Hunte (hereafter referred to as "plaintiff"), by counsel, Gabriel A. Levy, P.C., as and for the Complaint in this action against defendants Red Drop LLC d/b/a Cello Wine & Cocktail Bistro and 53RD Group Associates LLC (together referred to as "defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1.    This action arises from defendants' ongoing and unlawful disability discrimination at a place of public accommodation. Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages and attorneys' fees, costs, and expenses, to remedy defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 et seq., and its implementing regulations, the New York State Human Rights Law, Executive Law § 296, the New York State Civil Rights Law § 40, and the New York City Human Rights Law, Administrative Code § 8-107.

2.    As alleged below, defendants own, lease, operate, and control a place of public accommodation that fails to comply with these laws. Defendants are responsible for the acts and omissions of their agents, employees, and contractors.

1

3. Rather than comply with longstanding and explicit accessibility requirements, defendants chose to disregard their legal obligations and exclude individuals with disabilities from full and equal access to their establishment. This action seeks to end that exclusion and require defendants to bring their place of public accommodation into compliance so that plaintiff may enjoy the same access afforded to non-disabled patrons.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343, as this action presents federal questions concerning the deprivation of rights secured by the ADA. This Court has supplemental jurisdiction over plaintiff's state and city law claims pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and omissions giving rise to the claims occurred in this District and the subject place of public accommodation is located within this District.

## PARTIES

6. At all relevant times, plaintiff has been and remains a resident of Queens County, New York.

7. Plaintiff sustained a T4 spinal cord injury in a motorcycle accident in 2010, resulting in complete paralysis below the mid-back and loss of use of his legs. Plaintiff uses a manual wheelchair for mobility and is able to travel independently using a vehicle equipped with hand controls.

8. At all relevant times, defendants owned, leased, and or operated property located at or about 226 East 53rd Street, New York, New York, which is the subject of this

action.

9. Each defendant is authorized to conduct business in New York State.

10. At all relevant times, defendants operated a place of public accommodation at the subject premises.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11. Defendants own, lease, lease to, control, and or operate a place of public accommodation within the meaning of the ADA, 42 U.S.C. § 12181 and 28 C.F.R. § 36.104, the New York State Human Rights Law, and the New York City Human Rights Law.

12. The subject premises is a place of public accommodation because it is operated by a private entity and its operations affect interstate commerce.

13. Numerous architectural barriers exist at the subject premises that prevent and or limit access by plaintiff, an individual with a disability.

14. Upon information and belief, the subject premises was designed and constructed for first occupancy after January 26, 1993.

15. Upon information and belief, defendants made alterations to the subject premises after January 1992, including alterations to areas adjacent and or connected to the premises.

16. Upon information and belief, defendants made additional alterations to the subject premises after January 1992.

17. Plaintiff regularly travels throughout New York City and frequently visits the neighborhood where the subject premises is located.

18. Despite his paralysis, plaintiff independently navigates the City using a vehicle

equipped with hand controls and participates in everyday activities such as dining, socializing, shopping, and family outings.

19. Plaintiff regularly visits the area surrounding the subject premises for the same reasons as non-disabled members of the public.

20. On or about October 12, 2025, plaintiff attempted and desired to enter the subject premises to dine and enjoy wine and food offerings.

21. Plaintiff specifically wished to order items offered by the establishment, including the stuffed meatballs and flatbread.

22. Plaintiff was unable to access the premises due to existing architectural barriers and is aware that these barriers remain in place.

23. Plaintiff encountered a step at the primary entrance with no accessible means of entry and no way to contact staff for assistance.

24. As a result, plaintiff experienced embarrassment and discrimination.

25. Notwithstanding this encounter, plaintiff intends to return to the premises once the barriers are removed.

26. The subject premises is located less than one hour from plaintiff's residence.

27. The services, facilities, features, and elements of defendants' place of public accommodation are not readily accessible to or usable by plaintiff as required by the ADA Accessibility Guidelines and the 1991 and or 2010 Standards for Accessible Design.

28. Defendants' place of public accommodation was not designed, constructed, or altered in compliance with the applicable ADA Standards, the New York City Administrative Code, the New York City Building Code, or the 2014 New York City Construction Code.

29. Because of defendants' noncompliance, plaintiff has been denied full and equal access to the premises.

30. Upon information and belief, portions of the subject facility were altered after the effective date of the ADA. Pursuant to 42 U.S.C. § 12183(a)(2) and 28 C.F.R. § 36.402, each such altered area, together with the path of travel to the altered area, was required to be made readily accessible to and usable by individuals with disabilities to the maximum extent feasible. Depending on when the alterations occurred, compliance was and is required with either the 1991 ADA Standards for Accessible Design or the 2010 ADA Standards for Accessible Design. In either case, the only permissible defense is technical infeasibility. To the extent the altered areas fail to conform to the applicable Standards, they remain in violation of Title III.

31. The subject premises contains architectural barriers that deny plaintiff full and equal access and independently violate the ADA and its implementing regulations.

32. Plaintiff encountered an inaccessible primary entrance. The sole public entrance contains a step that prevents wheelchair access and no ramp or other compliant means of entry has been provided. Defendants have failed to provide an accessible route from the public sidewalk to an accessible entrance as required by 28 C.F.R. Part 36, including Sections 206.2 and 206.4, and the accessible route requirements of Sections 402 and 404. Changes in level exceeding one half inch were not ramped and do not comply with Sections 303, 405, or 406. As a result, plaintiff was denied an accessible means of ingress and egress in violation of the ADA.

33. Defendants have also failed to provide an accessible means of egress as required by applicable accessibility standards, including the requirements incorporated by

reference in 28 C.F.R. Part 36 relating to accessible routes and means of egress serving public spaces. The entrance step constitutes a continuing barrier to access for wheelchair users.

34. The interior and exterior dining areas contain inaccessible dining tables. Defendants failed to provide the minimum required number of accessible dining surfaces. Required knee and toe clearance is not provided, and clear floor space for a forward approach is lacking. These conditions violate 28 C.F.R. Part 36, Section 902, including Sections 902.2 and 902.3, as well as Sections 305 and 306 governing clear floor space and knee and toe clearance. Because compliant dining surfaces were not provided, plaintiff is unable to independently dine at the premises.

35. The bar area is inaccessible. The height of the bar exceeds the maximum allowable height, and no portion of the bar provides the required knee and toe clearance or clear floor space for wheelchair users. Defendants failed to provide an accessible portion of the bar as required for dining surfaces. These conditions violate 28 C.F.R. Part 36, Section 902, in conjunction with Sections 305 and 306. As a result, plaintiff is excluded from equal use of the bar area.

36. Defendants failed to provide compliant signage identifying restroom facilities. Required tactile and visual signage identifying permanent rooms was not provided. Where signage exists, it does not comply with the technical requirements for tactile characters, mounting height, location, and clear floor space. These failures violate 28 C.F.R. Part 36, Sections 216 and 703, including Sections 703.1, 703.2, 703.5, and 703.6. The lack of compliant signage prevents plaintiff from independently locating and identifying restroom facilities.

37. The restroom facilities lack required grab bars at the water closet. Grab bars were not installed on the rear wall and side wall adjacent to the toilet as required. This

condition violates 28 C.F.R. Part 36, Section 609, which mandates grab bars at specified locations and dimensions to permit safe and independent transfer.

38. Mirrors within the restroom are mounted at noncompliant heights. Mirrors located above lavatories exceed the maximum allowable mounting height, and mirrors not located above lavatories similarly exceed permissible height limits. These conditions violate 28 C.F.R. Part 36, Section 603.3, which requires mirrors to be mounted with the bottom edge of the reflecting surface within specified height limits to be usable by wheelchair users.

39. The foregoing barriers are not exhaustive. Additional barriers to access exist at the premises.

40. Upon information and belief, a full inspection of defendants' place of public accommodation will reveal further accessibility violations.

41. To fully remedy defendants' discriminatory conduct and avoid piecemeal litigation, plaintiff requires a complete inspection of the premises to identify and cure all areas of noncompliance with the ADA and related laws. Plaintiff therefore provides notice of his intent to amend the complaint to include additional violations identified through inspection.

42. Defendants have denied plaintiff the opportunity to participate in and benefit from the goods, services, facilities, and privileges offered at the premises because of his disability.

43. Defendants have failed to adopt, implement, or enforce policies, practices, and procedures necessary to ensure access for individuals with disabilities, and have failed to provide reasonable accommodations or modifications.

44. Plaintiff faces a real and continuing threat of future discrimination because the barriers remain in place and continue to deter him from returning.

45. Plaintiff regularly travels to the area where the premises is located and intends to patronize the establishment once it is made fully accessible.

## **FIRST CAUSE OF ACTION**

**(VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)**

46. Plaintiff repeats and realleges all prior allegations as though fully set forth herein.

47. Plaintiff is an individual with a disability within the meaning of the ADA. Plaintiff is substantially limited in the major life activities of walking and range of bodily motion and, as a result of his disability, relies on a wheelchair for mobility.

48. At all relevant times, defendants owned, leased, and or operated a place of public accommodation. Under the ADA, liability is joint and several as between property owners and lessees, and neither may avoid responsibility through contractual allocation of duties. See 28 C.F.R. § 36.201(b).

49. Defendants have denied plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of their place of public accommodation on the basis of disability, in violation of 42 U.S.C. § 12182(a). Defendants' acts and omissions have resulted in both disparate treatment and disparate impact.

50. By maintaining architectural barriers and inaccessible features, defendants have communicated to individuals with disabilities, including plaintiff, that they are unwelcome and excluded from equal participation.

51. Defendants designed, constructed, and or maintained a place of public accommodation that is not readily accessible to and usable by individuals with disabilities, in violation of 42 U.S.C. § 12183(a)(1) and 28 C.F.R. § 36.401(a)(1).

52. Defendants failed to provide an integrated and equal setting for individuals

with disabilities as required by 42 U.S.C. § 12182(b)(1)(A) and 28 C.F.R. § 36.203.

53. Upon making alterations to the premises, defendants failed to ensure that altered areas were made accessible to the maximum extent feasible, in violation of 28 C.F.R. §§ 36.402 and 36.406.

54. Defendants further failed to make paths of travel to areas of primary function accessible following alterations, in violation of 28 C.F.R. § 36.403.

55. Pursuant to 28 C.F.R. § 36.406, defendants were required to bring altered facilities and elements into compliance with the 2010 ADA Standards for Accessible Design and failed to do so.

56. Defendants failed to remove architectural barriers where removal is readily achievable, in violation of 28 C.F.R. § 36.304. Making the premises accessible is readily achievable.

57. By failing to remove barriers to access where removal is readily achievable, defendants discriminated against plaintiff in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

58. In the alternative, defendants failed to provide reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

59. Defendants' ongoing failure to remove barriers constitutes a continuing pattern and practice of disability discrimination in violation of the ADA and its implementing regulations.

60. Defendants continue to discriminate against plaintiff by maintaining an inaccessible place of public accommodation.

## SECOND CAUSE OF ACTION

## (VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)

61. Plaintiff repeats and realleges all prior allegations as though fully set forth herein.

62. Plaintiff suffers from medical conditions that independently and collectively limit normal bodily functions, including the major life activities of walking and bodily motion. Plaintiff therefore has a disability within the meaning of New York State Executive Law § 296.

63. Defendants have denied plaintiff equal access to and use of their place of public accommodation because of his disability.

64. By maintaining architectural barriers and inaccessible features, defendants discriminated against plaintiff in violation of Executive Law § 296(2). Each defendant aided and abetted the discriminatory conduct of the other.

65. Defendants failed to make readily achievable modifications and accommodations necessary to remove barriers to access, in violation of Executive Law § 296(2)(c)(iii).

66. In the alternative, defendants failed to provide reasonable alternatives to barrier removal as required by Executive Law § 296(2)(c)(iv).

67. Making defendants' place of public accommodation fully accessible is readily achievable and would not impose an undue hardship or undue burden.

68. As a direct and proximate result of defendants' discriminatory conduct, plaintiff has suffered and continues to suffer emotional distress, including humiliation, embarrassment, stress, and anxiety.

69. Plaintiff has sustained damages and will continue to sustain damages in an

amount to be determined at trial.

## THIRD CAUSE OF ACTION

**(VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)**

70. Plaintiff repeats and realleges all prior allegations as though fully set forth herein.

71. Plaintiff suffers from medical conditions that impair bodily systems and substantially limit major life activities, including walking and bodily motion. Plaintiff is therefore a person with a disability within the meaning of Administrative Code § 8-102(16).

72. The New York City Human Rights Law must be construed liberally to accomplish its uniquely broad and remedial purposes. Pursuant to the Local Civil Rights Restoration Act of 2005, also known as Local Law 85, the provisions of the Administrative Code are to be interpreted independently from and more expansively than their federal and state counterparts, without any requirement of parallel construction.

73. Defendants have directly and indirectly refused, withheld, and denied plaintiff the accommodations, advantages, facilities, and privileges of their place of public accommodation because of disability, in violation of Administrative Code § 8-107(4). Each defendant aided and abetted the discriminatory conduct of the other.

74. Defendants discriminated against plaintiff by designing, creating, and or maintaining an inaccessible commercial space in violation of Administrative Code § 8-107(4).

75. Defendants subjected plaintiff to disparate treatment and disparate impact by denying equal access to the premises on the basis of disability.

76. Defendants' conduct violated Administrative Code § 8-107(4) and Local Law 58 by maintaining and operating an inaccessible public accommodation.

77. As a direct and proximate result of defendants' unlawful discrimination,

plaintiff has suffered and continues to suffer emotional distress, including humiliation, embarrassment, and stress.

78. Upon information and belief, defendants' longstanding refusal to make the premises accessible was deliberate, calculated, and undertaken with reckless disregard for plaintiff's rights under the Administrative Code.

79. By failing to comply with accessibility laws that have been in effect for decades, defendants have conveyed to individuals with disabilities that they are unwelcome and undesired patrons.

80. Defendants acted with willful or wanton negligence, recklessness, and conscious disregard of the rights of others, entitling plaintiff to punitive damages pursuant to Administrative Code § 8-502.

81. By operating a noncompliant public accommodation, defendants unlawfully profited by retaining funds that should have been expended to achieve compliance. Defendants' unlawful profits, together with interest, must be disgorged.

82. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

83. Plaintiff repeats and realleges all prior allegations as though fully set forth herein.

84. Defendants discriminated against plaintiff in violation of the New York State Executive Law.

85. As a result, plaintiff is entitled to recover the statutory penalties prescribed by New York Civil Rights Law §§ 40-c and 40-d for each violation.

**INJUNCTIVE RELIEF**

86. Plaintiff will continue to experience unlawful discrimination as a result of defendants' failure to comply with the ADA, the New York State Executive Law, and the New York City Administrative Code.

87. Injunctive relief is necessary to require defendants to alter and modify the subject premises and their operations, policies, practices, and procedures.

88. Injunctive relief is further required to ensure that defendants' facilities are made readily accessible to and usable by plaintiff in accordance with applicable law.

89. Injunctive relief is also necessary to require defendants to provide auxiliary aids and services, reasonable policy modifications, and alternative methods of access as required by the ADA, the Executive Law, and the Administrative Code.

**DECLARATORY RELIEF**

90. Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by defendants against plaintiff and as to required alterations and modifications to defendants' place of public accommodation, facilities, goods and services, and to defendants' policies, practices, and procedures.

**ATTORNEY'S FEES, EXPENSES AND COSTS**

91. In order to enforce plaintiff's rights against the defendants, plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

i. Enter declaratory judgment declaring that defendants have violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

ii. Issue a permanent injunction ordering **defendants to close and cease all business** until defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above, or in the alternative, **ordering the defendants to provide a plan for compliance**;

iii. Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

iv. Award of compensatory damages in an amount to be determined at trial;

v. Award plaintiff punitive damages in order to punish and deter the defendants for their violations of the Administrative Code of the City of New York;

vi. Award reasonable attorney's fees, costs and expenses pursuant to the Administrative Code;

vii. Find that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA; and

viii. For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

Dated: February 6, 2026

    Manhasset, New York

                                           Respectfully submitted,

                                           **GABRIEL A. LEVY, P.C.**
                                           Attorney for Plaintiff
                                           1129 Northern Blvd, Suite 404
                                           Manhasset, NY 11030
                                           (347) 941-4715

                                           **By:** /s/ Gabriel A. Levy, Esq.
                                           **GABRIEL A. LEVY, ESQ (5488655)**
                                           Glevy@glpcfirm.com